**SO ORDERED.**

**SIGNED this 24 day of August, 2006.**

_____
**A. Thomas Small**
**United States Bankruptcy Judge**

_____

```
            UNITED STATES BANKRUPTCY COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                    RALEIGH DIVISION
```

| | |
|---|---|
| IN RE: | CASE NO. |
| BILLY B. BATY | 06-00894-5-ATS |
|     DEBTOR | |
| | |
| BILLY B. BATY | ADVERSARY PROCEEDING NO. |
|     Plaintiff | S-06-00079-5-AP |
|     v. | |
| ALOHA OAHU, LLC, MARK F. HOLZAPFEL, and WELLS FARGO BANK, N.A. | |
|     Defendants. | |

**ORDER DENYING DEFENDANT WELLS FARGO'S MOTION TO DISMISS**

The matter before the court is the motion of the defendant Wells Fargo Bank, N.A. to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. A hearing took place in Raleigh, North Carolina on August 22, 2006.

Billy B. Baty filed a petition for relief under chapter 11 of the Bankruptcy Code on June 19, 2006.  Also on June 19, 2006, Mr. Baty filed the instant adversary proceeding against his stepfather, Mark F. Holzapfel, his stepfather's limited liability company, Aloha Oahu, LLC, and Wells Fargo Bank, N.A.  The allegations of the complaint as they relate to Wells Fargo contend generally that on August 10, 2004, Mr. Baty gave Mr. Holzapfel an express power of attorney to conduct real estate transactions on behalf of Mr. Baty, that subsequently Mr. Baty learned that Mr. Holzapfel was using the power of attorney for his own benefit, and that in December 2004 Mr. Baty notified the attorney closing real estate transactions pursuant to the power of attorney, Charles Mooney, that Mr. Holzapfel was not authorized to conduct any further business on behalf of Mr. Baty without Mr. Baty's express consent.  In December 2005, Mr. Holzapfel refinanced Mr. Baty's property at 501 Ashebrook Drive, Raleigh, North Carolina, and used the property for his own benefit.  Mr. Mooney was the closing attorney, and Wells Fargo was the lender.  After Mr. Baty learned of the refinance, he contacted Wells Fargo to advise it of the unauthorized transaction, but received no response.

Mr. Baty contends that Mr. Mooney's actual knowledge that Mr. Holzapfel was not authorized to conduct business on behalf of Mr. Baty is imputed to Wells Fargo, and that Wells Fargo was negligent in failing to verify the authority of Mr. Holzapfel to act for Mr. Baty.

See Complaint at ¶¶ 108, 131.  Mr. Baty seeks a judgment declaring that the Wells Fargo loan secured by 501 Ashebrook is not his debt, setting aside the lien on the property, and declaring that Wells Fargo is not entitled to enforce its lien against Mr. Baty or any of his property.

Wells Fargo contends that Mr. Baty is precluded from recovering against it by North Carolina General Statute § 32A-40, which provides

> (a) Unless (i) a person has actual knowledge that a writing is not a valid power of attorney, or (ii) the action taken or to be taken by a person named as attorney-in-fact in a writing that purports to confer a power of attorney is beyond the apparent power or authority of that named attorney-in-fact as granted in that writing, a person who in good faith relies on a writing that on its face is duly signed, acknowledged, and otherwise appears regular, and that purports to confer a power of attorney, durable or otherwise, shall be protected to the full extent of the powers and authority that reasonably appear to be granted to the attorney-in-fact designated in that writing, and no person so dealing in good faith with that named attorney-in-fact shall be held responsible for any breach of fiduciary duty by that attorney-in-fact, including any breach of loyalty, any act of self-dealing, or any misapplication of money or other property paid or transferred as directed by that attorney-in-fact. This subsection applies without regard to whether or not the person dealing with the attorney-in-fact demands or receives an affidavit under subsection (b) of this section. A person who conducts activities through employees or other agents has actual knowledge of a fact involving a power of attorney only from the time the information was received by an employee or agent having the authority to approve the power of attorney presented.

N.C. Gen. Stat. § 32A-40(a).

Wells Fargo contends that the complaint on its face shows that the power of attorney was valid, and thus there is no way that Wells Fargo could have had actual knowledge that the power of attorney was not

3

valid.  Wells Fargo further disputes that Mr. Baty adequately revoked the power of attorney, and that notice to Mr. Mooney that Mr. Holzapfel was not authorized to conduct business on Mr. Baty's behalf without his express consent was not imputed to Wells Fargo sufficient to overcome the statutory protection.

For purposes of deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure), the court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  Because the rules require only notice pleading, courts construe a plaintiff's allegations liberally.  In addition, the court may not consider materials outside the pleadings without converting the motion to one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  See Fed. R. Bankr. P. 7012.

An attorney-client relationship is an agency relationship, State v. Ali, 329 N.C. 394, 403, 407 S.E.2d 183, 189 (1991), and it is well-accepted agency law that notice to an agent is imputed to its principal.  As the North Carolina Court of Appeals explained in Long v. Joyner, 155 N.C. App. 129, 134-35, 574 S.E.2d 171, 175 (2002):

> The knowledge of an attorney hired by a client and doing work on behalf of that client is imputed to the client. Rogers v. McKenzie, 81 N.C. 164 (1879).  Therefore the knowledge held by defendants' attorney was imputed to them.

> . . . The attorney acts as an agent for the client. "In this jurisdiction there is a presumption in favor of an attorney's authority to act for the client he professes to represent." <u>Greenhill v. Crabtree</u>, 45 N.C. App. 49, 51, 262 S.E.2d 315, 316, <u>aff'd per curiam by an equally divided court</u>, 301 N.C. 520, 271 S.E.2d 908 (1980).

The complaint clearly alleges that prior to closing the refinancing transaction, Mr. Mooney had actual knowledge that Mr. Holzapfel was not to be conducting business on behalf of Mr. Baty, and that Mr. Mooney's actual knowledge is imputed to Wells Fargo. Complaint at ¶¶ 107, 108. The statute upon which Wells Fargo relies specifically contemplates notice through an agent, providing, "[a] person who conducts activities through employees or other agents has actual knowledge of a fact involving a power of attorney only from the time the information was received by an employee or agent having the authority to approve the power of attorney presented." N.C. Gen. Stat. § 32A-40(a).

The complaint sufficiently alleges that Wells Fargo was on notice, through its agent Mr. Mooney, that Mr. Holzapfel was not to conduct any business on Mr. Baty's behalf despite the power of attorney. Whether Mr. Mooney was in fact acting as Wells Fargo's attorney may be in dispute, but the complaint on its face sufficiently alleges that Wells Fargo had notice that would defeat the protection allowed by North Carolina General Statute § 32A-40.

Based on the foregoing, the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to

5

this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, is **DENIED.**

    **SO ORDERED.**

**END OF DOCUMENT**